[770 NYS2d 405]

In the Matter of MICHAEL G. ROSENBERG (Admitted as MICHAEL GEOFFREY ROSENBERG), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 29, 2003

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Howard Benjamin*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing nine charges of professional misconduct. Charges Five and Eight were subsequently amended, and Charges Seven and Nine were withdrawn. The respondent admitted all of the factual allegations contained in the petition, as amended. The petitioner's case consisted of the transcript of the respondent's prior testimony at his investigative appearance. The respondent's case consisted of his own testimony, the testimony of two character witnesses, and a character affirmation. At the conclusion of the hearing, the Special Referee sustained the charges, as amended. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent does not oppose the motion, but asks the Court to limit the sanction imposed to a public censure.

Charge One alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]):

The respondent maintained an attorney escrow account at Chase Manhattan Bank at all times relevant hereto. On December 24, 1998, he deposited $5,500 into that account on behalf of a client named Valentin. The deposit represented the proceeds of a personal injury settlement. From December 24, 1998, until January 19, 1999, the respondent was required to maintain $2,229.28 in his escrow account on behalf of Valentin. On January 19, 1999, the balance in the account had been depleted to $748.

Charge Two alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]):

The respondent maintained an attorney escrow account at Chase Manhattan Bank at all times relevant hereto. On March 23, 1999, he deposited $15,000 into that account on behalf of a client named Gusev. The deposit represented the proceeds of a personal injury settlement. From March 23, 1999, until June 14, 1999, the respondent was required to maintain at least $3,000 in his escrow account on behalf of Gusev. On June 14, 1999, the balance in the account had been depleted to $1,000.

Charge Three alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]):

The respondent maintained an attorney escrow account at Chase Manhattan Bank at all times relevant hereto. On May 24, 1999, he deposited $5,000 into that account on behalf of a client named Bisano. The deposit represented the proceeds of a personal injury settlement. From May 24, 1999, until July 1, 1999, the respondent was required to maintain at least $3,009 in his escrow account on behalf of Bisano. On July 1, 1999, the balance in the account had been depleted to $100.

Charge Four alleges that the respondent withdrew legal fees in personal injury cases before depositing the corresponding settlement checks, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]):

The respondent maintained an attorney escrow account at Chase Manhattan Bank at all times relevant hereto.

On May 20, 1999, he withdrew $1,991 from that account for his legal fees and disbursements on behalf of Bisano, whom he represented in a personal injury matter. The respondent failed to deposit the check representing the settlement proceeds into his escrow account until May 24, 1999, and as of July 1, 1999, he had not paid Bisano his share of the settlement.

On May 14, 1999, the respondent withdrew $3,000 from his attorney escrow account for his legal fees on behalf of a client named Rodriguez, whom he represented in a personal injury matter. The respondent failed to deposit the check representing the settlement proceeds into his escrow account until May 17, 1999.

Charge Five, as amended, alleges that the respondent commingled personal funds with funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]):

The respondent maintained an attorney escrow account at Chase Manhattan Bank at all times relevant hereto. Between October 1998 and July 1999, he maintained funds entrusted to him as a fiduciary, incident to his practice of law, in that account. On January 22, 1999, a transfer of $4,000 was made from the respondent's operating account into his escrow account. On June 18, 1999, a transfer of $5,000 was made from the respondent's operating account into his escrow account. Those funds did not represent settlement funds on behalf of a client or client funds.

Charge Six alleges that the respondent failed to maintain required records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]):

The respondent maintained an attorney escrow account at Chase Manhattan Bank. He failed to contemporaneously maintain a ledger book or similar record for that account showing the source of all funds deposited therein, the name of all persons for whom funds were held, the amount of such funds, the charges or withdrawals therefrom, and the names of all persons to whom such funds were disbursed.

Charge Eight, as amended, alleges that the respondent engaged in a pattern and practice of failing to file or failing to timely file retainer and closing statements with the Office of Court Administration, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]):

Between October 1998 and August 2000, the respondent was retained to handle numerous personal injury cases. In each of those cases, he was required, pursuant to Rules of this Court (22 NYCRR) § 691.20, to file with the Office of Court Administration a retainer statement within 30 days of being retained and a closing statement within 15 days of receiving a settlement or within 30 days if there was no recovery. The respondent consistently failed to file or failed to timely file the required retainer and closing statements.

Based on the respondent's admissions, Charges One through Six and Charge Eight were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his lack of experience in running a law office and his reliance on his office manager and bookkeeper, that it was his failure to maintain

proper bookkeeping records and reconcile his escrow account that led to the shortfalls therein, that he did not intentionally misappropriate client funds, that no clients were harmed by his misconduct, that he has taken steps to correct his errors, that his only source of income is from practicing law, and that without such income he will be unable to afford the medical treatment that he requires. The respondent contends that he is no threat to the public and asks the Court to allow him to continue to practice law.

The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., SANTUCCI, ALTMAN, FLORIO and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Michael G. Rosenberg, is suspended from the practice of law for a period of two years, commencing January 29, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the two-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael G. Rosenberg, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.